

2012 OCT 23  P 4: 24

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*  (203)821-3700
*157 Church Street*
*New Haven, Connecticut 06510*  Fax (203) 773-5376

October 23, 2012

Norman Pattis, Esq.
649 Amity Road
Bethany, CT 06524

      Re:    **United States v. Jason Zullo**
              **Criminal No. 3:12CR017(AWT)**

Dear Attorney Pattis:

      This letter confirms the plea agreement between your client, Jason Zullo (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter. The plea offer set forth in this letter will be withdrawn and will become null and void if not signed in open court and filed with the Court on or before October 24, 2012.

**THE PLEA AND OFFENSE**

      The defendant agrees to plead guilty to Count Four of the Superseding Indictment (No. 3:12CR017) charging him with Obstruction, in violation of 18 U.S.C. §1519. He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. The defendant knowingly altered, destroyed, mutilated, concealed, covered up, falsified or made a false entry in a record, document, or tangible object; and

2. The defendant engaged in this conduct with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department or agency of the United States.

## THE PENALTIES

This offense carries a maximum penalty of twenty years of imprisonment and a fine of up to $250,000. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

~~Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.~~

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of the victim consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court. The defendant will reserve his right to address the Court regarding restitution.

### Forfeiture

Parties agree that forfeiture is inapplicable in this case.

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty

if, for the reasons explained above; the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Calculation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2J1.2 is 14. At this time the parties disagree about other applicable Guidelines enhancements.

The Government believes that two additional levels should be added for vulnerable victim under U.S.S.G. §3A1.1(b) and two additional levels for abuse of a position of authority U.S.S.G. § 3B1.3 resulting in an offense level of 18. If three levels are subtracted for acceptance of responsibility the total offense level would be 15. A criminal history category I and offense level of 15 will result in the Guideline sentence of 18 to 24 months of incarceration.

The defendant does not believe that any enhancements will apply and that the total offense level would be 12. If the total offense level is 12, the Guidelines will provide a Guidelines sentence of 10 to 16 months. No matter what the total offense level is determined to be, the defendant agrees that he will not request a sentence of less than 12 months in prison. The defendant reserves his right to seek a downward departure or non-Guidelines sentence for no less than 12 months of incarceration. Thus, while the defendant does reserve his right to seek a downward departure or to request a non-Guidelines sentence, the defendant agrees that he will not, under any circumstances request a sentence of less than 12 months in prison. The Government reserves its right to object and seek enhancements, upward departures, non-Guideline or a Guideline sentence of no more than 24 months of incarceration.

### Parties' Agreement as to Sentencing Recommendations

The defendant expressly understands that the Court will determine the sentence in this case and is in no way bound by terms of this agreement or the Guideline ranges specified herein. The parties agree that they will not seek a sentence outside the range of 12-24 months of incarceration.

4

In other words, no matter what the Court determines the Guidelines range to be, the defendant will not seek a downward departure or request a non-Guideline sentence of less than 12 months. In turn, no matter what the Court determines the Guidelines range to be, the Government will not seek an upward departure, a non-Guideline sentence or a Guidelines sentence above 24 months of incarceration. Both parties reserve their rights to seek departures, including departures based on other conduct referenced in the superseding indictment, or request non-Guideline sentences within the 12 to 24 month range. Neither party will suggest that the Probation Department consider a departure or adjustment outside the 12 to 24 months range or suggest that the Court *sua sponte* consider a departure or adjustment outside the 12 to 24 month range.

The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement or outside any of the recommendations to be made by any of the parties regarding the length of defendant's sentence.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §2255 and/or §2241, the conviction or sentence imposed by the Court if that sentence does not exceed a 21 month period of incarceration and a 3-year term of ~~probation~~ [supervised release] even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right

5

not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut which forms the basis of the superseding indictment, No. 3:12CR17 (AWT), in this case. The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty. After sentencing, the Government will dismiss the remaining counts in the superseding indictment.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
DEIRDRE M. DALY
FIRST ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____                                           __10.23.12__
Jason Zullo                                                                              Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____                                           __10.23.12__
Norman Pattis, Esq.                                                               Date
Attorney for the Defendant

9

## STIPULATION OF OFFENSE CONDUCT

The defendant Jason Zullo and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count Four of the superseding indictment.

1. On or about October 22, 2008, the defendant Jason Zullo while acting in his capacity as an East Haven police officer prepared and filed a false police report regarding an incident that he was involved in that occurred on October 18, 2008.

2. Among other things, the Government believes that Jason Zullo knowingly and willfully omitted the fact that he struck R.S.'s motorcycle at least twice during a chase while R.S. and P.B. were on the motorcycle. Defendant Jason Zullo contends that he unintentionally collided with R.S.'s motorcycle but acknowledges that he knowingly and willfully omitted any reference to the collisions.

3. Jason Zullo knew that his conduct during this incident could lead to a possible excessive force investigation which is a matter within the jurisdiction of the Federal Bureau of Investigation.

4. Jason Zullo omitted material facts and made other material representations in his police report knowingly and with the corrupt intent to impede and obstruct any investigation of criminal excessive force.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
JASON ZULLO
The Defendant

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
NORMAN PATTIS, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. §3663. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction;  or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. §3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. §3555.